(Summit County Common Pleas.)
January Term, 1899.

MARY FALOR v. CLYDE F. BEERY.

---

When an attorney begins an action in the name of a person without his authority, the action may be dismissed by the court on motion of the defendant, at the costs of the attorney bringing such action.

---

Opinion of court on motion of defendant to dismiss the cause.

Nye, J.

A petition is filed in this case by the plaintiff against the defendant, and the action is brought for wrongfully acknowledging a mortgage by defendant, and a judgment is asked by the plaintiff against the defendant for a thousand dollars, and an attachment is procured.

A motion is made by the defendant to dismiss the action, and affidavits are filed in the case.

The defendant claims that this action was begun without the authority of the plaintiff, and the plaintiff files her affidavit in this case denying that she ever authorized the attorney, Stephen C. Miller, to bring this action. In the first affidavit filed by the plaintiff, she does not ask to have the cause dismissed, but simply states that she never authorized the attorney who filed the petition, to bring the action.

An affidavit is filed in answer to that, by Stephen C. Miller, saying that he went to the house of the plaintiff with one John Flower and that she did authorize him to bring this action. The affidavits of Mr. Miller and Mr. Flower were filed on the 21st of March, 1899. Another affidavit is filed by Mrs. Falor on the 23rd of March, which was yesterday, in which she positively denies that she ever authorized Mr Miller to bring this action, and she sets up the language used by her and by Mr. Miller and Mr. Flower as to what she did say to them, positively denying that she ever authorized this action to be brought, and she says she positively refused to sign any papers whatever; and in this affidavit she asks to have this action dismissed.

Now it seems to me that this clearly makes a case wherein the plaintiff has not authorized the bringing of this action, and she says she does not want it prosecuted, and I know of no other way, except to dismiss it.

Now the question arises as to who shall bear the costs made in the case. Mr. Falor says that she has not authorized any suit of this kind. She says it was commenced by the attorney without her authority, and I find that to be the fact.

This action certainly cannot be dismissed at the costs of the defendant, and hence the question arises, should the cause be dismissed at the costs of the plaintiff.

In Weeks on Attorneys at Law, section 79, the author says: "When an attorney brings an action in the name of a person without his authority, he becomes liable to the summary jurisdiction of the court, who may stay the proceedings, on motion, and

make the attorney pay the costs. On an application by a defendant to stay proceedings, on the ground that the plaintiff's attorney is going on with the action contrary to the direction of the client, the plaintiff should be made a party to the rule."

In volume 1 of the American & English Ency. of Law, at page 944, it is said: "The summary jurisdiction of courts over attorneys is sufficiently accounted for by the necessary and inherent control vested in them over the conduct of their own officers, and was expressly recognized by the statutes of Westminster, 1 & 4 Hen. IV. ch., 18. The ground of the interference is the dignity of the court offended in the conduct of its officer, and its object to punish summarily by attachment his misconduct or disobedience and to reinstate the injured party in his rights. This jurisdiction extends to compelling an attorney to perform his undertakings; to staying proceedings begun without authority, on motion, and compelling attorney to pay the costs, etc."

Now it seems to me that this gives ample authority for a court to require the attorney who has commenced a proceeling of this kind without the authority of his client, to pay the costs, and this action will be dismissed at the costs of Mr. Stephen C. Miller.